IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY JOHN MILO,**

        **Plaintiff,**

        v.                       CASE NO. 13-3116-SAC

**STEFANY SURO, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Hutchinson Correctional Facility (HCF), Hutchinson, Kansas. Plaintiff seeks millions of dollars in damages based upon two counts in his complaint: (1) sexual misconduct and (2) defamation of character. Having examined the materials filed, the court finds that plaintiff has made no attempt to satisfy the filing fee prerequisites and that there are other threshold deficiencies in the complaint. Mr. Milo is given time to satisfy the filing fee and cure the deficiencies.

## FILING FEE

The fee for filing a civil complaint is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00; or for one granted leave to proceed in forma pauperis the fee is $350.00. Mr. Milo has neither paid the fee nor submitted a motion

1

to proceed without Prepayment of Fees.  This action may not proceed until the filing fee is satisfied in one of these two ways.  28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion on court-approved forms that contains an affidavit described in subsection (a)(1), together with a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Local court rule requires that this motion be submitted upon court-approved forms.  The clerk shall be directed to provide plaintiff with forms for filing a proper motion under 28 U.S.C. § 1915(a).

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[1]  If Mr. Milo does not satisfy the filing fee within the time prescribed by the court, this action may be dismissed without prejudice and without further notice.

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

**FACTUAL BACKGROUND AND CLAIMS**

Plaintiff names as defendants Stefany Suro, Unit Team/CC II, HCF and "Hutchinson Correctional Facility (Sam Cline)." As the factual background for his complaint, Mr. Milo alleges as follows. For up to a month he had a "mutual relationship" with defendant Suro, while she was an employee at the HCF. This relationship involved fondling and kissing, and plaintiff received "sexual material" from defendant Suro. After Suro told plaintiff that they had to end their relationship, Mr. Milo wrote a complaint to the Warden, the Secretary of Corrections, and to Mental Health at HCF revealing the details of their relationship. He was placed under investigation. The investigation favored defendant Suro. It was determined that plaintiff was "lying and just blowing smoke" because he did not "keep a log" and know exact dates.

Plaintiff received a disciplinary report (DR) for "Sexually Explicit Materials" and pled guilty to this charge. The Kansas Department of Corrections (KDOC) maintains a website, "KASPER," which lists the DRs of each KDOC offender. The Disciplinary Board at the HCF "posted" plaintiff's DR on KASPER as "Sex Explicit Mtrl, n/SexOfndr." The entry is dated May 27, 2013. Plaintiff is not a sex offender. He asked "them" in May and on June 24, 2013, to change the KASPER entry, to no avail. The entry can be read by anyone, and his family believes he has been having sex with men at the HCF.

3

Plaintiff asserts that he has "a right for sexual misconduct not to happen" to him and a right to be protected. He seeks damages of 3.1 million dollars "and punitive damages" for sexual misconduct, pain and suffering, depression, and defamation of character.

**SCREENING**

Because Mr. Milo is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a

4

claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## **DISCUSSION**

The court has screened the complaint and finds the following deficiencies. First, plaintiff does not assert the violation of a constitutional right. Instead, he claims "sexual misconduct" by defendant Suro and defamation of character by unnamed HCF officials, which is not a constitutional violation. As noted, in order to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." The court is not free to supply a constitutional theory for plaintiff's claim. Plaintiff implies that he was not protected from sexual misconduct. However, he does not allege facts showing that he made his need for protection known to no avail.

Second, it appears from the face of the complaint that Mr. Milo has not exhausted administrative remedies on at least one and

5

possibly both of his claims. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[2] While failure to exhaust generally is an affirmative defense and a plaintiff is not required to plead exhaustion in the complaint, when failure to exhaust is clear from plaintiff's filings, the court may sua sponte require plaintiff to demonstrate exhaustion. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

---

2   The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures." *Id.* at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." *Id.* (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

6

With regard to plaintiff's claim of defamation of character, he alleges that he sought administrative relief by asking "the facility Disciplinary Board" in May and on June 24, 2013, to fix the KASPER entry. Plaintiff executed the instant complaint on June 25, 2013, which was only a day later. Moreover, he does not allege that he sought relief at the second, third, or fourth administrative level.[3] It is therefore evident that plaintiff had not fully and properly exhausted all four levels of the available grievance process before filing his complaint.

In connection with plaintiff's claim that he was the victim of sexual misconduct, he alleges that he sought administrative relief by requesting the placement of a "Central Monitor" on defendant Suro and his own transfer to another facility.[4] However, neither of these measures is prayed for in this complaint or shown to be warranted at this time. Nor does it appear that these measures were sought through administrative channels while the alleged sexual misconduct was occurring. In this action plaintiff seeks monetary compensation only, based upon the claim that he suffered pain and depression as

---

[3] The KDOC makes available to its inmates a four-step grievance procedure, which must begin with an attempt at informal resolution, and thereafter proceed through three "levels of problem solving." KS ADC 44-15-101, -102. The second level is a grievance submitted to a Unit Team member. KS ADC 44-15-101(d). Next, the inmate has an appeal to the Warden, and ultimately to the Secretary of Corrections. *Id*.

[4] Male as well as female inmates are unquestionably entitled to protection from sexual misconduct. However, plaintiff does not allege that he reported the sexual misconduct while it was occurring and sought protection that was refused or inadequately provided. Nor does he allege facts showing that he is presently in danger of being subjected to sexual misconduct.

a result of the past sexual misconduct.

From plaintiff's own allegations regarding exhaustion, the court finds that this complaint is subject to being dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1), for failure to exhaust all available administrative remedies on the claims raised herein prior to filing this action. Plaintiff is given time to provide copies or summaries of his grievances and the administrative responses demonstrating that he fully exhausted both his claims. If he does not present facts or documents showing full exhaustion within the time allotted, this action may be dismissed without further notice.

Finally, the court notes that plaintiff has not named a proper defendant with regard to his claim of character defamation. The HCF is not a "person," and is therefore not a proper defendant in a § 1983 complaint for damages. Warden Sam Cline is not alleged to have "personally participated" in posting or maintaining the KASPER entry and may not be held liable for damages based solely upon his supervisory capacity. Plaintiff's own allegations attribute the KASPER posting to "the disciplinary board," but no individual board member is named as a defendant.

The court concludes that the complaint is subject to be dismissed for the foregoing reasons. Plaintiff is given time to cure the deficiencies discussed herein or to otherwise show cause why this action should not be dismissed. If he fails to comply within the

8

prescribed time, this action may be dismissed without further notice.

Plaintiff has recently filed a Motion for Restraining Order (Doc. 2). Therein he complains of the "corrupt investigation." He also attempts to raise a new claim of retaliation. He claims to fear retaliation not from the named defendants, but from "another inmate who claimed 'she was his'" and threatened that "the Mexican gang" would attack plaintiff. Mr. Milo asks to be "moved away from these people" because he is in danger and fear; however he does not even show that the person he seeks to restrain is a party to this lawsuit. Moreover, both a motion for a restraining order and a claim of retaliation require a specific statement of supporting facts. Plaintiff does not allege sufficient facts to demonstrate any of the four factors that might entitle him to a preliminary restraining order. Likewise, his claim of retaliation is not supported by sufficient facts. In any event, in order to add these new claims or any new parties to this lawsuit, plaintiff must file a complete Amended Complaint.[5] This motion for restraining order is denied as not supported by sufficient factual allegations. The claim of retaliation was not added to this lawsuit by the mere filing of this motion.

---

[5] A plaintiff does not add a claim to his original complaint by simply filing a motion or other paper in which he alleges an additional claim. Instead, in order to add a claim that were not raised in the original complaint, a plaintiff must file a complete Amended Complaint. *See* Fed.R.Civ.P. Rule 15. An Amended Complaint completely supersedes the original complaint, and therefore must contain all the claims that plaintiff intends to pursue in the action including those raised in the original complaint. Any claims or allegations not included in the Amended Complaint are not before the court.

9

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the fee prerequisites by either paying the filing and administrative fees of $400.00 in full or submitting a properly completed and supported motion for leave to proceed without prepayment of fees on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Restraining Order (Doc. 2) is denied.

The clerk is directed to send IFP forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**